# D. N. McFERRAN

*v.*

# N. P. CHAMBERS.

1. EVIDENCE—*sealed note in suit to recover for money on it by surety.* In an action of *assumpsit* by the plaintiff to recover of the defendant money paid as his security upon a note, it was urged that the court erred in admitting in evidence the note, because it was under seal: *Held,* that as the action was not founded upon the note, the objection was not well taken, the note being proper evidence on the question of the amount paid, and to whom.

Opinion of the Court.

2. NEW TRIAL—*conflicting evidence.* Where the plaintiff testified that he signed a note as the surety of the defendant alone, and one of the other makers testified that the plaintiff signed as his surety, and not that of defendant: *Held*, in a suit to recover the sum the plaintiff paid thereon, the jury having found for the plaintiff, that this court could not say that the jury found against the weight of the evidence.

APPEAL from the Circuit Court of Washington county; the Hon. SILAS L. BRYAN, Judge, presiding.

Mr. AMOS WATTS, and Mr. GEORGE VERNON, for the appellant.

Messrs. CASEY & DWIGHT, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This action was brought to recover money which it is said that the appellee had paid as security for the appellant.

Two objections have been taken to the judgment in the circuit court:

*First*—That the court erred in admitting improper evidence.

*Second*—That the verdict is against the weight of the evidence.

On the trial the court permitted the appellee to read in evidence a note signed by appellant and others, which it is alleged the appellee had signed as security for appellant, and which he subsequently paid.

The ground of the objection seems to be that it was under seal. No other reason is assigned. The action was not founded on the note, and no reason is perceived why it was not proper evidence, under the common counts, as tending to prove the case as insisted upon by the appellee, and to be considered in connection with the other evidence on the question of the amount, if anything, the appellee had paid as security for the appellant, and to whom. For this purpose it was doubtless admissible, and it is no objection that it was under seal.

The only serious question in the case arises on the second point made by the appellant, viz: that the verdict is against the weight of the evidence. For this reason it is insisted that the circuit court should have awarded a new trial.

There is a conflict in the evidence as to whether the appellee was security on the note for appellant or for Crabtree, or for both Crabtree and the appellant.

It appears that the money was really got from Watts for the benefit of Crabtree and the appellant, and when obtained it was divided, each taking one-half. It is also true that Crabtree negotiated with Watts for the loan.

The note was taken to the appellee by Crabtree to be signed, and it does not appear that there was any other person present at the time he executed it. The evidence of Crabtree and the appellee is flatly contradictory as to what were the conditions upon which the appellee signed the note, and for whom he was surety, and there is very little in the record to corroborate the testimony of either of them. The appellee testifies that he placed his name on the note as security for the appellant, and that he never would have signed it as security for Crabtree. On the other hand, Crabtree says that the appellee signed the note as his surety.

There is this fact in the record that tends to support and strengthen the testimony of the appellee on this vital question. At a subsequent date, when the appellant was about to leave the State, we find the appellee insisting that he should give him collateral security to indemnify him, not against half the debt, but for the whole of it. The appellee states that the appellant did agree to indemnify him, but failed to do so.

It was the province of the jury to determine as to the credibility of the testimony of Crabtree and appellee on the facts upon which the decision of the case depended. They could not credit both, for their evidence was inconsistent and irreconcilable, and there was but little other evidence in the record that illustrated the real issue, viz: whether the appellee signed the note as the surety of Crabtree or the appellant.

If the jury relied on the evidence of the appellee, they could find that he signed the note upon which the money was obtained, as the surety of the appellant, and having availed of it to get to his own use one-half of the money, he must equitably be regarded as having adopted the act of Crabtree in procuring the signature of the appellee to the note as his own surety.

We are unable to say that the view that the jury has taken is so much against the weight of the evidence that the verdict for that reason alone ought to be set aside. It is very evident that the appellee would never have signed the note as the surety of Crabtree. He and the appellant were acting together and the money was to be obtained for their joint benefit, and it was the duty of Crabtree to have explained to him the conditions on which the appellee signed the note.

If the appellee in fact signed the note as the surety of the appellant, and he was advised of that fact, it was inequitable for him to procure the money on it for his and Crabtree's use unless he intended to indemnify the appellee.

So far as we can judge from the evidence in the record, conflicting as it is, we are of opinion that justice has been done, and the judgment must be affirmed.

*Judgment affirmed.*